“This tax refund case comes before the court on the parties’ stipulation of facts and legal arguments. Before the case was submitted, the parties compromised the entire case except for the issue which concerns the question of whether interest on the personal holding company tax deficiency accrues from the due date of the tax return or from the subsequent date of the notice and demand by the Internal Revenue Service. That issue alone remains for resolution by the court.
“On that question the taxpayer claims that the personal holding company tax is an ‘additional amount’ or ‘addition to the tax, within § 6601 (f) (3) (as it was then numbered) of the Internal Revenue Code so that no interest began to accrue with respect to taxpayer’s personal holding company tax deficiencies prior to notice and demand. We held, however, in Motor Fuel Carriers, Inc. v. United States, 190 Ct. Cl. 385, 392-94, 420 F. 2d 702, 707 (1970), that § 6601(f) (3) applies only to such additions which need an administrative determination by the Service before the taxpayer can know that he is liable for them. We also indicated explicitly that the personal holding company tax (unlike the accumulated earnings tax) falls outside that category; ‘that tax [i.e., the personal holding company tax] is reportable on the return, is meant to be so reported, and is treated as self-assessable.’ 190 Ct. Cl. at 394, 420 F. 2d at 708. A taxpayer is clearly required to report (on its return) personal holding company income and to pay the personal 'holding company tax with its return. Interest therefore runs, under § 6601 (a) of the Code, from the date of the return. This taxpayer, having paid interest from that date, is not entitled to recover.
“it is THEREFORE ordered that plaintiff is not entitled to recover on the only part of its claim which remains before the court, and that the case is returned to the Trial Division to be held until the compromise of the other aspects of the case is effectuated, and then the petition is tobe dismissed.”
On December 28,1976 a stipulation for dismissal was filed, and on the same date the petition was dismissed as to counts I, III, IY, VI, VII and IX pursuant to Rule 102(a) (1) (iii).